THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 4:11-CR-00155 |
| v. : | |
| : | (Chief Judge Kane) |
| EARL SAMPSON, : | |
| Defendant : | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Earl Sampson's motion for recusal. (Doc. No. 39.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the Court will deny Defendant's motion.

**I.    BACKGROUND**

Defendant has previously appeared before this Court in the case United States v. Sampson, 4:07-cr-00389 (hereinafter "Sampson I"). In Sampson I, the Court granted Defendant's pro se motion to dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and dismissed the charges against Defendant without prejudice. Sampson I, No. 4:07-cr-00389 (M.D. Pa. April 11, 2011) (Doc. No. 1340). On April 28, 2011, a grand jury returned a two-count indictment charging Defendant with drug-related offenses. (Doc. No. 1.)

**II.    DISCUSSION**

Title 28 U.S.C. § 455(a) provides that a judge must recuse "in any proceeding in which his impartiality might reasonably be questioned."[1] The litigant seeking recusal does not need to

---

[1] Defendant also asserts that recusal is required pursuant to Canon 3(C)(1) of the Code of Judicial Conduct for United States Judges. (Doc. No. 49 at 5.) Canon 3(C)(1) tracks the language of 28 U.S.C. § 455(a). See Code of Judicial Conduct for United States Judges, Canon 3(C)(1), available at http://www.uscourts.gov/rulesandpolicies/codesofconduct/codeconductunitedstatesjudges.aspx.

1

show actual bias under this standard. Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004). Rather, "if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." Id. On this issue, the Supreme Court has held:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994).

The Court does not find that a reasonable person, knowing all the circumstances that could be gleaned from reviewing Defendant's motion, would harbor doubts about the undersigned's impartiality. Defendant first argues that the undersigned's impartiality is called into question because the charges against him in Sampson I were dismissed without prejudice and because the undersigned "ignored" motions filed by Defendant in Sampson I. (Doc. No. 39 ¶¶ 4-7, 12.) The fact that Defendant is not satisfied with the Court's decision to dismiss the charges against him in Sampson I without prejudice cannot serve as a basis for the undersigned's

recusal.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 279 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . and we reiterate that principle here.").  Moreover, the motions filed by Defendant in Sampson I that Defendant claims the Court "ignored" were filed while his motion to dismiss the indictment was pending and never became ripe for disposition.

Next, Defendant asserts that the undersigned is in contempt of court for failing to comply with an order in Sampson I, No. 07-cr-00389 (M.D. Pa. Feb. 28, 2008) (Doc. No. 351) issued by the late Honorable Judge Muir addressing Defendant's motion for disclosure of informants. (Doc. No. 49 at 3.)  According to Defendant, Judge Muir ordered the Government to disclose the identities of confidential informants to Defendant within 20 days of the date of the order, the undersigned is in contempt of court for refusing to comply with this order, and as a result of this alleged non-compliance Defendant has been deprived of discovery.  (Id.)  It appears Defendant is mistaken as to the content of Judge Muir's order.  Indeed, Judge Muir characterized Defendant's motion as "a veiled attempt to obtain the identity of witnesses in violation of the Jencks Act." Sampson I, No. 07-cr-00389 (M.D. Pa. Feb. 28, 2008) (Doc. No. 351 at 4-5).  After finding that Defendant failed meet his burden to overcome the informer's privilege, Judge Muir denied Defendant's motion.  Id. at 4-5, 6 ¶ 2.  Judge Muir further ordered the Government to turn over information relating to the confidential informants to the court, not Defendant, within 20 days of the date of the order for in camera review.  Id. at 6 ¶ 3.  Finally, Judge Muir ordered the Government to disclose the identities of the confidential informants as well as their statements to Defendant "at least one day prior to calling the informants as witnesses at trial."  Id. at 6 ¶ 4. Thus, the undersigned has not "kept exculpatory evidence" from Defendant in violation of Judge

Muir's order.

Similarly, Defendant argues that the undersigned is not impartial because the Court failed to provide him with the confidential informant information after stating that it would be made available to him.  (Doc. No. 49 at 2.)  In support of this contention, Defendant cites to the transcript of his pretrial hearing in Sampson I, held on June 28, 2010.  Sampson I, No. 07-cr-00389 (M.D. Pa. Apr. 21, 2011) (Doc. No. 1341).  At Defendant's pretrial hearing in Sampson I, the undersigned stated, "I'm keeping [the confidential informant files] in my possession so that as trial unfolds and I learn more of the facts, when I conclude that [Defendant's lawyer] is entitled and you are entitled to more information from those files, I am going to make it available to you."  Id. at 17:15-19 (emphasis added).  The trial scheduled in Sampson I never came to fruition.  Accordingly, the Court finds that a reasonable person would not harbor doubts regarding the undersigned's impartiality on this basis.

Next, Defendant asserts that recusal is proper pursuant to 28 U.S.C. § 455(b)(1).  (Doc. No. 39 ¶15.)  Section 455(b)(1) states that a judge shall disqualify herself where she has a "personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  Defendant seems to argue that recusal is warranted because the undersigned is aware of disputed evidentiary facts that arose in Sampson I.  (Doc. No. 39 ¶¶ 13, 15, 16.)  Defendant's claim is without merit.  Section 455(b)(1) only applies when the "personal knowledge" of disputed evidentiary facts is obtained from an extrajudicial source.  United States v. Page, 828 F.2d 1476, 148 (10th Cir. 1987); see also Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 447-48 (2d Cir. 2005) ("Knowledge gained from a judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1)."); United States v. Bailey, 175

F.3d 966, 969 (11th Cir. 1999)); <u>Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.</u>, 991 F.2d 1249, 1255 (7th Cir. 1993) ("'Personal' knowledge of evidentiary facts means 'extrajudicial.'"); <u>United States v. Patrick</u>, 542 F.2d 381, 390 (7th Cir. 1976) ("[F]acts learned by a judge in his judicial capacity cannot be the basis for disqualification" under § 455(b)(1)).  Because the information to which Defendant refers was obtained in the undersigned's official capacity during judicial proceedings, Defendant's argument must fail.

The remainder of Defendant's arguments in support of recusal relate to witness testimony before the grand jury in Sampson I and are irrelevant.   The Court therefore finds no basis for recusal.

**ACCORDINGLY**, on this 18th day of August 2011, **IT IS HEREBY ORDERED THAT** Defendant Earl Sampson's motion for recusal (Doc. No. 39) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania